**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:03-CR-00046-RLV-2**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| LUIS SIERRA-GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion to Dismiss Count Five of the superseding Bill of Indictment. (Doc. 119.)

Defendant Luis Sierra-Gonzalez pleaded guilty to three counts of possession of controlled substances with intent to distribute and one count of conspiracy to possess with intent to distribute cocaine, cocaine base, and methamphetamine. Following a jury trial, he was found guilty of possession of a firearm in furtherance of a drug-trafficking crime and possession of a firearm while being an alien illegally in the United States. Affirming the decisions of this Court, the appellate panel found "that the evidence that Sierra-Gonzalez traded drugs for the firearm was sufficient to constitute 'use' of the firearm in relation to a drug trafficking offense. *See Smith v. United States*, 508 U.S. 223, 241 (1993); *United States v. Garnett*, 243 F.3d 824, 829 (4th Cir. 2001)." (Doc. 91 at 2–3.) Citing *Watson v. United States*, 552 U.S. 74 (2007), Defendant now challenges the validity of Count Five of the superseding Indictment, which charges as follows:

> On or about August 21, 2003, in Iredell County, within the Western District of North Carolina, . . . (2) Luis Sierra-Gonzalez . . . during and in relation to a drug trafficking crime, that is, conspiracy to possess with intent to distribute and distribute

1

> cocaine, cocaine base and methamphetamine, for which [he] may be prosecuted in a court of the United States, did knowingly and unlawfully use and carry a firearm, *and in furtherance of such drug trafficking crime, did possess said firearm* to wit: a .25 Baretta handgun, and did aid and abet . . . in the commission of said offense, in violation of Title 18, United States Code, Sections 924(c) and 2.

(Doc. 59 at 2–3) (emphasis added).

In *Watson*, a unanimous Court held that a defendant who *receives* a gun as payment for drugs does not "use" a gun for the purposes of section 924(c). *Contra Smith*, 508 U.S. at 241 (holding that a criminal who *trades his firearm for drugs* "uses" the firearm within the meaning of section 924(c)(1)). Although Defendant's trade alone thus does not constitute "use" of the gun per section 924(c), here, unlike the defendant in *Watson*, who was charged only under the "use" prong of section 924(c), Defendant Sierra-Gonzalez was further charged with possessing a gun "in furtherance of" his drug trafficking.

Several courts of appeals, including our own, have considered whether a defendant who receives a firearm in exchange for drugs possesses that firearm in furtherance of a drug-trafficking crime, and the overwhelming consensus is that such a defendant does violate section 924(c). *See United States v. Boyd*, 209 Fed. App'x 285, 290 (4th Cir. 2006) (unpublished) (concluding "that accepting possession of firearms as payment for crack cocaine is possession in furtherance of a drug trafficking crime"); *United States v. Sterling*, 555 F.3d 452, 458 (5th Cir. 2009) (assuming without deciding that bartering drugs for guns constitutes "possession in furtherance" of a drug-trafficking offense); *United States v. Mahan*, 586 F.3d 1185, 1188 (9th Cir. 2009) (holding that "a defendant who accepts firearms in exchange for drugs possesses the firearms 'in furtherance of' a drug trafficking offense"); *United States v. Dolliver*, 228 Fed. App'x 2, 3 (1st Cir. 2007) (unpublished) (holding that trading drugs for a gun violates the "in

2

furtherance of" prong of section 924(c)); *United States v. Gardner*, 602 F.3d 97, 103 (2d Cir. 2010) (same); *United States v. Frederick*, 406 F.3d 754, 764 (6th Cir. 2005) (same); *United States v. Doody*, 600 F.3d 752, 755–56 (7th Cir. 2010) (same); *United States v. Luke-Sanchez*, 483 F.3d 703, 706 (10th Cir. 2007) (same); *cf. United States v. Bobb*, 471 F.3d 491, 496 (3d Cir. 2006) ("In this Circuit, bartering crack cocaine for a gun is not a violation of 18 U.S.C. § 924(c)(1)(A) if the defendant did not actively solicit the barter of drugs for a gun."). Finding the reasoning of these many courts persuasive, the Court therefore holds that Defendant's trade of drugs for the firearm constitutes possession "in furtherance of" a drug-trafficking offense.

In any event, the Fourth Circuit's finding that there was sufficient evidence that Defendant "used" the firearm in relation to a drug-trafficking crime did not rest solely upon evidence of Defendant's transfer of drugs for the firearm. Rather, the panel further found "that there was sufficient other evidence, viewed in the light most favorable to the Government, that Sierra-Gonzalez used or carried the firearm in relation to his sales of drugs. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). Sierra-Gonzalez kept the firearm in the same place he stored his drugs and from which he sold the drugs. Also, he stated that he wanted a gun with a silencer and that he planned to kill an individual who had stolen drugs from him. Because we agree that there was sufficient evidence to support Sierra-Gonzalez's firearm convictions, we affirm the district court's denial of his motion for judgment of acquittal." (Doc. 91 at 3.)

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss Count Five (Doc. 119) be **DENIED**.

This Motion having been denied, **IT IS FURTHER ORDERED** that Defendant's pro se Motion to Appoint Counsel (Doc. 120) be **DENIED** as moot.

Signed: October 15, 2012

Richard L. Voorhees
United States District Judge