**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03-cr-00046-RLV-2**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| LUIS SIERRA-GONZALEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**BEFORE THE COURT** is the Pro Se Motion Requesting Court Transcripts at Government's Expense ("Motion") of Defendant Luis Sierra-Gonzalez ("Defendant"). (Doc. 96). The Court notes that this motion remains open on the criminal docket for the above-referenced case although arguably long moot. The Court will, however, address the Motion at this time. For the following reasons, Defendant's Motion is **DENIED**.

Defendant Luis Sierra-Gonzalez pled guilty to three counts of possession of controlled substances with intent to distribute and one count of conspiracy to possess with intent to distribute quantities of cocaine, cocaine base, and methamphetamine (18 U.S.C. § 2; 21 U.S.C. §§ 841, 846). In addition, following a jury trial, he was found guilty of two other counts, a firearm offense related to drug trafficking (18 U.S.C. §§ 2, 924(c)) and an offense alleging possession of a firearm while being an alien illegally in the United States (18 U.S.C. § 922(g)(5)(A)). (*See* Docs. 59, 73, 83). Defendant appealed, arguing: (1) the Court erred in denying his motion for acquittal on the firearm charges; (2) his Sixth Amendment rights were violated when his sentence was enhanced based on a prior conviction that was not alleged in the indictment or submitted to the jury, and (3) the Court erred in not reducing his offense level for acceptance of responsibility. (Doc. 91). The Fourth

Circuit Court of Appeals affirmed Defendant's convictions and sentence. (*Id.*). The United States Supreme Court denied Defendant's petition for writ of certiorari on June 12, 2006. *Sierra-Gonzalez v. United States*, 547 U.S. 1198 (2006).

Defendant filed the instant Motion on February 2, 2007, requesting, at government's expense, a copy of his court transcript record to prepare a motion to vacate pursuant to 28 U.S.C. § 2255. (Doc. 96 at 2-3). Defendant moved under 28 U.S.C. § 753(f), which authorizes the provision of transcripts to persons seeking relief under § 2255 in certain circumstances. (*See id.* at 1).

Defendant's request was premature. Defendant did not have a § 2255 proceeding pending at the time he filed the Motion. 28 U.S.C. § 753(f) provides for payment of fees by the United States in certain situations "in proceedings brought under section 2255." The Fourth Circuit, in unpublished opinions, has stated that when a defendant has no motion to vacate pending, that defendant is not eligible for preparation of a transcript at government expense under 28 U.S.C. § 753(f). *E.g.*, *United States v. Ortega*, 536 F. App'x 335, 335 (4th Cir. 2013) (unpublished per curiam) (citing *United States v. MacCollom*, 426 U.S. 317, 319 (1976)); *United States v. Webb*, 54 F. App'x 588, 588 (4th Cir. 2003) (unpublished per curiam) (citing *United States v. Horvath*, 157 F.3d 131, 132-33 (2d Cir. 1998)); *In re O'Kane*, 91 F.3d 132, 1996 WL 379674, at *1 (4th Cir. June 27, 1996) (Table) (citing *MacCollom*, 426 U.S. at 321-22). This Court, in *United States v. Velasquez*, 2012 WL 3307264, at *1, *1 n.2 (W.D.N.C. Aug. 13, 2012) (citations omitted), noted that courts within this circuit have held that a motion for a free transcript pursuant to 28 U.S.C. § 753(f) is not ripe until a § 2255 motion has been filed. This ground alone is sufficient to deny Defendant's Motion. For the same reasons, 28 U.S.C. § 2250, which was not raised by the

Defendant, would not apply as there was no pending application for a writ of habeas corpus.[1]

Further, in order to receive transcripts at government's expense, the trial judge or a circuit judge must certify "that the suit or appeal *is not frivolous* and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f) (emphasis added). A document filed *pro se* is to be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Defendant's Motion, however, specifically and explicitly identified the reasons underlying Defendant's request for the transcripts.

Defendant requested his court transcripts in order to challenge two issues in a § 2255 motion: (1) whether this Court erred in denying a three (3) point sentencing reduction for acceptance of responsibility; and (2) whether this Court had the authority to enhance Defendant's sentence for a prior felony drug conviction not alleged in the Indictment, admitted by him, or made part of his plea agreement or jury determination. (Doc. 96 at 3). Defendant indicated no other challenges that he intended to raise in a § 2255 motion.

Both of Defendant's proposed challenges were directly addressed by the Fourth Circuit Court of Appeals which, approximately one year prior to the instant Motion, affirmed both this Court's refusal to apply a three (3) point sentencing reduction for acceptance of responsibility and this Court's sentencing enhancement based upon Defendant's prior conviction regardless of whether that prior conviction was alleged in the indictment or submitted to the jury. (Doc. 91 at 4-5; *United States v. Sierra-Gonzalez*, 166 F. App'x 52, 53–54 (4th Cir. 2006)).

---

[1] 28 U.S.C. § 2250 provides, in relevant part, that "[i]f on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk . . . shall furnish . . . certified copies of such documents . . . on file in his office as may be required by order of the judge." At the time Defendant filed the Motion, he had not filed under § 2255, let alone obtained an order permitting him to proceed in forma pauperis with respect to such a proceeding. Parenthetically, Defendant did file a § 2255 motion on June 24, 2016. (Doc. 129). The Court dismissed the motion as untimely. (Doc. 130; Case No. 5:16-cv-00128-RLV, Docs. 3, 4 (Nov. 1, 2016)). No further action related to Defendant has taken place on the docket in this case.

3

Absent a change in the law, a prisoner is not permitted to relitigate in a collateral proceeding an argument rejected on direct appeal. *United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004) ("Because the Defendants have not pointed to any change in the law that warrants our reconsideration of these claims, we agree with the district court that they cannot relitigate these issues."); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (criminal defendant cannot "recast, under the guise of collateral attack, questions fully considered by this court" in a previous appeal).[2] Because the Fourth Circuit already affirmed the only two challenges Defendant indicated he intended to raise in a § 2255 motion, those challenges would be procedurally barred, and therefore frivolous. As set out above, the questions set forth by Defendant as grounds for granting his Motion were fully considered by the Fourth Circuit Court of Appeals in his earlier appeal. Defendant has demonstrated no other justification for the Court to grant his Motion. Defendant, therefore, is not entitled to transcripts at government expense.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion Requesting Court Transcripts Record at Government Expense Pursuant to 28 U.S.C. § 753(f) (Doc. 96) is **DENIED**.

Signed: June 26, 2017

Richard L. Voorhees
United States District Judge

---

[2] Defendant's Motion referenced "Booker" in connection with the enhancement of his sentence in light of a prior conviction. (Doc. 96 at 2). The Fourth Circuit Court of Appeals, however, considered *United States v. Booker*, 543 U.S. 220 (2005), in Defendant's prior appeal, holding that Defendant's argument was, in fact, "foreclosed" by *Booker*. (Doc. 91 at 4; *Sierra-Gonzalez*, 166 F. App'x at 53-54).